Nott, J.
The two' grounds on which the defendant relies for a new trial are distiuct and independent of each other. If therefore, the presiding judge was correct on either, the motion must fail. And my opinion is that he was correct on both. The revolution in property, as well as the revolution in government, which was produced by the separation of the United States from the mother country, introduced a state of things for which in many respects no other country can furnish a precedent. Many persons never took possession of lands to which they were entitled, or abandoned their possessions and have never preferred their claims since. Others lost the evidence of theirs, and therefore were deprived of the means of prosecuting their rights, where they were so disposed. To remedy the evils which might result from such a state of things, two acts were passed in the sanie year. One providing that an actual purchase and quiet possession of land, five years previous to the fourth clay of July 1776, shall he deemed a good and sufficient title, arid any grant obtained since that time or which may be obtained for said land is declared null and void. (2 Brevard 7.) The other the act already noticed exempting from escheat lands claimed under grant or under an actual possession for five years prior to the 4th July 1776.
*521 ít is now contended that this act exempts only such lands as were granted five years prior to that time. But, taking the two acts together, it will be seen that they lead to a different conclusion. The object of the escheat law was to leave undisturbed all titles acquired prior to the revolution. Therefore whether a person claimed title by grant obtained ■prior to the four h of July, 1776, or by five years possession previous to that time, which was.tantamount to a grant, in either event, he was not to be affected by the act.
The plaintiff therefore holding under a grant prior to 1776, v/as entitled to the benefit which the act was intended io confer,
But even if be was not protected under that act, the statute of limitations afforded him a shield. The grantee and those claiming under him had been in the enjoymeut of the laud from the time of the grant to the time the plaintiff was ejected by the defendant. And though there were occasional intervals in which it was not in the actual occupation of any one, yet it was not occupied by any other person nor does there appear to have been any adverse claim.
if,. therefore, Walker was alive, and there was nc> evidence of his death until the year 1815, when the inquest was commenced, his right of action was barred before that time. If he was dead then the land w as vested in the trustees of the Marion Academy, by the act of 18 J-f, which transferred to them all the escheated land in me district. And the defendant was protected by his r>tvn possession against their claim, before the commencement of this action.
I concur, therefore, w>m the presiding judge on both grounds, and the motion must be refused,
Evans, So^ for the motion.
Mayrant contra.